Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>    vs.<br><br>ASHLEIGH IMAN STANFORD,<br><br>                        Defendant. | 2:20-CR-00095-TOR-2<br><br>United States' Sentencing Memorandum |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Patrick J. Cashman, Assistant United States Attorney for the Eastern District of Washington, submits the following sentencing memorandum.

                                              I.     <u>Background</u>

       The United States relies on the summary of facts contained within the plea agreement. ECF 88. The United States further relies on the facts contained within the United States Probation Office's Pre-Sentence Investigation Reports and Addendum (PSIR). ECF 90 and 91.

United States' Sentencing Memorandum - 1

## II. Summary of Plea Agreement

Pursuant to the plea agreement, the United States agrees to recommend a sentence at the low-end of the applicable guideline range, that being 12 months, followed by a 3-year term of supervised release. The United States is not seeking an imposition of a fine. The Defendant agrees to pay the $100 special penalty assessment.

The Defendant agrees to waive her right to an appeal if the Court sentences the Defendant to a term of imprisonment no greater than the high end of the advisory guideline range as calculated by the Court at sentencing. The Defendant further agrees to waive her right to file a post-conviction motion pursuant to 28 U.S.C. § 2255.

## III. Sentencing Calculations

The parties, pursuant to the plea agreement, asserts that the base offense level for Possession with Intent to Distribute a Controlled Substance – Oxycodone Hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) is 18.

The parties further agree that a two-level increase is appropriate pursuant to the United States Sentencing Guidelines (USSG) §2D1.1(b)(1) due to the Defendant's possession of a firearm.

The parties further agree that a four-level decrease is appropriate due to the Defendant being a minimal participant, pursuant to the USSG §3B1.2(a).

The United States additionally agrees a three-level decrease is appropriate for acceptance of responsibility.

Accordingly, the Defendant's adjusted offense level of 13 results in an advisory guideline range of 12 to 16 months imprisonment

## IV. Government's Sentencing Recommendation

The United States respectfully submits that a total term of 12 months incarceration, followed by a 3-year term of supervised release, would be a "reasonable" sentence under the facts and circumstances of this case and would not be

United States' Sentencing Memorandum - 2

greater than necessary to promote the purpose and policy of the Federal Sentencing Act, 18 U.S.C. § 3553(a).  However, the United States recommends a portion of the 12 months incarceration be served on home confinement.  The Defendant was a minimal participant in this offense and exercised a very limited role in the operations of her co-Defendant.

A sentence of 12 months is appropriate based upon the crime the defendant has been convicted of and the nature and circumstances of the case.  The Defendant has plead guilty to possessing with the intent to distribute Oxycodone-Hydrocholoride. Prior to the search warrant being executed at the residence the Defendant shared with her co-Defendant, the Defendant was involved in the purchase of Oxycodone-Hydrocholoride and Fentanyl by a confidential human source.  The confidential human source informed the investigating agents that the female, later identified as the Defendant, had previously delivered controlled substances to the confidential human source.

Upon executing the search warrant at the Defendant's residence, detectives located several items consistent with the distribution of controlled substances.  The detectives located bags or pill containers that contained various controlled substances. Located near these controlled substances were two pistols and the co-Defendant's wallet.  Throughout the house, detectives located approximately $27,000 in U.S. currency, including several pre-recorded buy funds from the previous controlled buys. A sentence of 12 months accurately reflects the nature and circumstances of this offense and the offense's seriousness.

The sentence imposed should also account for the Defendant's complete lack of criminal history.  It appears the Defendant's involvement in this case was an aberration of her judgement.  The United States agrees that the Defendant has a criminal history score of 0, placing her in Criminal History Category I.

Considering other 18 U.S.C. § 3553(a)(1) factors, a sentence of 12 months, a portion of which could be served in home confinement, followed by 3 years

United States' Sentencing Memorandum - 3

supervised release appears appropriate in this case and no greater than necessary to meet the interest of federal sentencing principles.

## V. Conclusion

The United States believes a term of imprisonment of 12 months and a follow on 3-year term of supervision is justified and believes that it is an appropriate and reasonable sentence.

DATED: June 30, 2022.

                                        Vanessa R. Waldref
                                      United States Attorney

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 30, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant(s):

      David R. Miller

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney

United States' Sentencing Memorandum - 5